UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RAYSHON DARDEN                                                                                   PLAINTIFF

V.                                           CIVIL ACTION NO. 4:11-cv-59-CWR-FKB

DARRELL GRADY, ET AL.                                                DEFENDANTS

REPORT AND RECOMMENDATION

This cause is before the undersigned on the Motion for Summary Judgment filed by Defendants GEO Group, Inc. and Felix Harris (Docket No. 34), as well as the Motion for Summary Judgment of Darrell Grady (Docket No. 41). Having considered the motions, the undersigned concludes that they are well-taken and recommends that they be granted.

FACTS

This case, brought pursuant to 42 U.S.C. § 1983, by a prisoner proceeding both *in forma pauperis* and *pro se*, concerns two alleged incidents at the East Mississippi Correctional Facility, operated by Defendant GEO Group, Inc. Defendants Harris and Grady are guards at the facility. At the Omnibus Hearing[1] held in this matter on January 25, 2012, Plaintiff testified that on January 3, 2011, he was in what is known as the "rec cage" when another inmate, Davis, broke loose from Defendants Harris and Grady, grabbed a food tray, threw food on Plaintiff and spit at Plaintiff. Transcript of Omnibus Hearing, Docket No. 34-1, pp. 10-13. Plaintiff alleges that Davis got loose again while being escorted back to his cell, climbed on the rec cage, and attempted to urinate on Plaintiff. Darden testified that he and Davis had not had any personal

---

[1]The Court held what is known as a "Spears Hearing," or omnibus hearing, in this case to insure Plaintiff had every opportunity to fully explain his claims against Defendants. Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

1

problems prior to January 3, 2011.  Id. at 13.

The next incident occurred approximately four days later when Plaintiff alleges that Davis let himself out of his cell and punched Plaintiff, who was in a different cell, in the face. Id. at 21-23.  Darden claims to have reported, around the same time as but prior to the January 3, 2011, incident, that Davis could jam the door and get out of his cell.  Id. at 19-20.

## SUMMARY JUDGMENT STANDARD

This Court's duty in deciding a motion for summary judgment is to grant summary judgment if the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Kee v. City of Rowlett, 247 F.3d 206, 210 (5th Cir. 2001).  Whether a fact is material is determined by substantive law.  Id.

## FAILURE TO PROTECT

Plaintiff testified that his complaint against the individual defendants is that they failed to protect him from harm and humiliation.  Docket No. 34-1 at 9, 14.[2]  To establish a failure-to-protect claim under Section 1983, Darden must show that he was incarcerated under conditions posing a substantial risk of serious harm and that the defendants were deliberately indifferent to the risk.  Newton v. Black, 133 F.3d 301, 308 (5th Cir. 1998); Spicer v. Collins, 9 F. Supp. 2d 673, 683-84 (E.D. Tex. 1998); Clark v. McMillin, 932 F. Supp. 789, 792 (S.D. Miss. 1996).  To act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference."  Newton, 133 F.3d at 308 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct.

---

[2]Darden testified that he is suing GEO Group, Inc. simply because they run the facility in which the incidents took place.  Docket No. 34-1 at 16-17.

1970, 1979, 128 L.Ed.2d 811 (1994)).  A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.

Plaintiff testified at the omnibus hearing that he had never had any problem with Inmate Davis prior to January 2011, when the two above-described incidents took place just four days apart.  Docket No. 34-1 at 13.  That Darden had reported that Davis could get out of his cell does not save his claim from dismissal.  Darden testified that he reported nothing more than that Davis could get out of his cell.  That fact alone, even if true, does not rise to the level of knowledge by the defendants from which an inference could be drawn that a substantial risk of serious harm to Darden existed.  In fact, Darden was secure in his cell when Davis hit him.  Davis could only reach him because Darden had his face up to the food tray hole.  Docket No. 34-1 at 21.  The rec cage incident and the subsequent punch through the food tray hole do not rise to the level of a constitutional failure to protect.  There is simply no basis for Darden's failure to protect claim against the individual defendants based on these two isolated incidents relatively close in time.

GEO Group, Inc., cannot be held liable under Section 1983 unless Plaintiff can establish either a policy that caused his alleged injury or a custom or practice so pervasive as to constitute policy.  See Clark, 932 F. Supp. at 794.  Plaintiff has not pointed to either.  Accordingly, the undersigned recommends that Plaintiff's claims against GEO Group, Inc. be dismissed as well.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon

3

grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      RESPECTFULLY SUBMITTED this the 23rd day of April, 2012.

                                  s/ F. Keith Ball
                                  UNITED STATES MAGISTRATE JUDGE